DICKINSON, Presiding Justice,
dissenting:
¶ 21. It is possible for a litigant to commit conduct egregious enough to justify a trial court’s decision to strike their pleadings and deny them the opportunity to present a case — no matter how meritorious. But the alleged conduct in this case, in my judgment, does not come close to qualifying for such severe punishment.
¶ 22. Furthermore, denying the client the right to prosecute or defend a lawsuit — while doing nothing at all to the lawyer who allegedly committed the offense— must seem to some to be unwarranted protection of the legal profession, and I fail to see how that advances our goal of upholding the integrity of the judiciary.[12]
¶ 28. In my view, courts should use great caution before sanctioning a party (in this case, the innocent taxpayers of the City of Jackson) who had no part in the alleged sanctionable conduct of the lawyers.[13] Because the trial court — with this Court’s approval — did exactly that, I respectfully dissent.
WALLER, C.J., joins this Opinion.

. See Miss.Code Judicial Conduct, Canon 1.

. The majority's reference to testimony from a city official in the Internal Engine Parts case is puzzling. There is no evidence in this case — testimony or otherwise — that anyone from the City knew anything about the actions or alleged omissions by the City’s attorneys during the discovery process.